UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

Ex Parte Application Pursuant to            Case No. 21-mc-80526-Cannon/Reinhart
28 U.S.C. § 1782 for an Order to
Take Discovery of Equiti US, LLC;           Case No.  21-cv-80382-Cannon/Reinhart
Gary Dennison; James Madison and
Kimberly M. Kirkland for Use in a
Foreign Proceeding
_____/

## ORDER DENYING MOTIONS TO QUASH AND
## GRANTING IN PART MOTIONS TO COMPEL

Currently pending before me are four discovery motions in two related actions, both of which stem from legal proceedings occurring in the United Kingdom.  The would-be plaintiffs in the UK proceedings initiated these cases in this Court seeking discovery from a company located in this district, Equiti US, LLC ("Equiti US").  Equiti US is a wholly-owned subsidiary of Equiti Capital UK Ltd. ("Equiti UK"), which is being sued in the UK proceedings.

The would-be plaintiffs in the UK proceedings (hereinafter, "the Applicants") initiated the cases presently before me by filing *ex parte* motions to obtain discovery from Equiti US pursuant to 28 U.S.C. § 1782.  The primary Applicant in Case No. 21-cv-80382 is the Robert J. Parfet Living Trust ("the Trust") and the primary Applicant in Case No. 21-mc-80526 is Disamatrix SPC ("Disamatrix").[1]  In both cases, the District Court granted the Applicants' requests and authorized them to serve subpoenas upon Equiti US.  Thereafter, Equiti US appeared in these actions and moved to vacate the orders permitting discovery and to quash the subpoenas.

---

[1]  In the '82 case, no action has yet been filed in the UK.  In the '26 case, Disamatrix has already filed suit in the UK against Equiti UK.

In response to Equiti US's motion to vacate/quash in the '82 case (ECF No. 16), the Trust moved to compel the discovery sought in the subpoenas (ECF No. 18), and filed a response to Equiti US's motion (ECF No. 25). Equiti US filed a response to the Trust's motion to compel (ECF No. 24). Both parties filed replies and supplemental briefs (ECF Nos. 27, 28, 31, 32).

The '26 case followed a similar track: Equiti US moved to vacate/quash (ECF No. 21), and Disamatrix filed a response (ECF No. 25), along with a motion to compel production (ECF No. 26). Equiti US responded to the motion to compel (ECF No. 33), and both parties filed replies and supplemental briefs (ECF No. 28, 29, 34, 35, 36). I conducted a hearing on the motions on June 22, 2021.

## BACKGROUND AND APPLICABLE LAW

As noted above, the Applicants in these actions initially sought orders from the District Court permitting them to take discovery from Equiti US pursuant to 28 U.S.C. § 1782. Section 1782 provides in relevant part that "upon the application of any interested person" a district court may order a person within its jurisdiction

> to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . The order may prescribe the practice and procedure . . . for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

The Supreme Court has outlined four factors courts should consider in deciding whether to grant discovery under § 1782:

1. Whether "the person from whom discovery is sought is a participant in the foreign proceeding" because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad;"

2

2. "[T]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

3. Whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

4. Whether the discovery is "unduly intrusive or burdensome."

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

In accordance with the District Court's order authorizing discovery under §1782, the Applicants served identical subpoenas containing 43 document requests upon Equiti US. Equiti US objected to the subpoenas, claiming that "all documents in the custody of Equiti US that were not already in the shared custody of Equiti UK have been given to the parent company for purposes of discovery in England," and therefore, the Applicants should pursue discovery there from Equiti UK. Moreover, Equiti US objects to the documents sought on relevance grounds, and argues that the document requests are excessive in number, overbroad, unduly burdensome, and not proportionate to the needs of the foreign litigation. Equiti US argues that as a non-party, it should not have to incur the expense of retaining lawyers to "review tens of thousands of documents." According to Equiti US, the Applicants are attempting to "circumvent English rules designed to ensure proportionate and cost-effective discovery, including placing the cost of pre-action discovery on the party seeking it."

The Applicants counter that the District Court has already analyzed the four *Intel* factors and authorized the issuance of the subpoenas. The Applicants contend that there is no basis for revisiting that decision.

## **DISCUSSION**

At the outset, I recognize that the District Court's authorization for the Applicants to serve subpoenas on Equiti US was granted on an *ex parte* basis and without the benefit of Equiti US's arguments regarding the prejudice they will suffer if the Applicants are allowed to proceed in this manner. Even so, there is no evidence, or even allegation, that the Applicants misled the District Court with their initial application. On the contrary, the Applicants presented the proposed subpoenas to the District Court. The District Court concluded that the statutory requirements of § 1782 and the *Intel* factors were satisfied and authorized service of the subpoenas.

Equiti US's primary argument is that the subpoenas should be quashed, thereby alleviating Equiti US of all obligation to produce any documents to the Applicants. Equiti US contends that the subpoenas should be quashed because the documents are equally available from its parent company, Equiti UK, in the forum where the merits of these lawsuits will be decided.

Rule 45 provides, *inter alia*, that a subpoena must be modified or quashed if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "[W]hen appropriate," courts should "consider the possibility of modifying the subpoena rather than quashing." *Queen v. State Farm Mut. Ins. Co.*, No. 19-21931-CIV, 2019 WL 3716806, at *2 (S.D. Fla. Aug. 7, 2019) (J. Torres) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984)).

Here, I find that Equiti US has not met its burden of showing that the subpoenas should be quashed in their entirety and I reject Equiti US's argument that it should be relieved of its discovery obligations pursuant to the District Court's order simply because the documents are available elsewhere. Rather, having reviewed the parties' pleadings and heard oral argument, I conclude that the Applicants should be permitted to proceed with discovery. Therefore, Equiti US's motion to vacate the District Court's order and/or quash the subpoenas is denied.

Notwithstanding the foregoing, I find that the 43 document requests in the Applicants' subpoenas are overbroad and disproportionate under the Federal Rules of Civil Procedure, which govern discovery authorized by § 1782. *See* Fed. R. Civ. P. 26(b)(1). Therefore, the Applicants' motions to compel production in accordance with the subpoenas in their current form are also denied, but without prejudice.

The parties are directed to confer and narrow the scope of the documents sought. Assuming the parties reach an agreement regarding the scope of discovery and time for production, Equiti US is ordered to produce all responsive documents in its possession, custody or control within the agreed-upon time frame. If a discovery dispute arises, counsel shall follow the procedures set forth in my Standing Discovery Order, which will be issued separately.

Finally, I am mindful of Rule 45's provision for protecting non-parties from undue burden and expense. A non-party subject to a subpoena is entitled to protection from "significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). "This provision *requires* the court compelling production to order the subpoenaing party to reimburse the non-party's cost of production, at least to some extent." *In re Gladstone Consulting, Inc.*, No. 17-80845-CIV, 2018 WL 7820218, at *2 (S.D. Fla. Sept. 21, 2018) (J. Middlebrooks) (emphasis in original). *See also* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Given that "[t]he degree to which the non-party is reimbursed . . . remains within the court's discretion" (*In re Gladstone Consulting, Inc.,* 2018 WL 7820218, at *2), I will defer ruling on any cost-shifting until I can assess the reasonableness of the steps the Applicants take to avoid subjecting Equiti US to undue burden and expense.

## **CONCLUSION**

Based on the foregoing, it is hereby ORDERED as follows:

1. In Case No. 21-mc-80526, Equiti US's Motion to Vacate/Quash (ECF No. 21) is **DENIED,** and Disamatrix's Motion to Compel (ECF No. 26) is **DENIED WITHOUT PREJUDICE;**

2. In Case No. 21-cv-80382, Equiti US's Motion to Vacate/Quash (ECF No. 16) is **DENIED,** and the Trust's Motion to Compel (ECF No. 18) is **DENIED WITHOUT PREJUDICE.**

**DONE AND ORDERED** in Chambers this 15th day of July, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE